# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CUTBERTO HARO RAMIREZ, | ) | 1:07-cv-01490-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| v. | ) | DISMISS PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS (Doc. 1) |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | ORDER TO FILE OBJECTIONS WITHIN |
| | ) | TWENTY DAYS |
| Respondents. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on October 12, 2007. (Doc. 1). The petition and attached documents indicate that on June 1, 1999, Petitioner was convicted in the United States District Court for the Central District of California of one count of violating 21 U.S.C. § 841(a)(1), possession with intent to distribute, and one count of violating 18 U.S.C. § 2(a), aiding and abetting, and was sentenced to a term of 188 months. (Id.).

Petitioner now brings this habeas petition, purporting to challenge both his conviction and sentence based on his claim that his trial counsel provided ineffective assistance in violation of the Sixth Amendment for failing to challenge the Federal Sentencing Guidelines after United States Supreme Court decisions suggested that those guidelines were possibly unconstitutional, for failing to properly advise him, and for failing to file a proper notice of appeal in his case. (Id.).

1   Because the Court has determined that Petitioner's claim challenges his original sentence,
2   and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C.
3   § 2255, the Court will recommend that the instant petition be dismissed.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner freely acknowledges in his petition that he is challenging the conviction and sentence, not the manner in which it is being executed. (Doc. 1, p. 1)  The proper vehicle for challenging a sentence or conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not in a habeas corpus petition.

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-865 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth

1  Circuit has recognized that this is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057
2  (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to
3  raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Aronson v. May, 85
4  S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255
5  inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at
6  1162-1163 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255
7  petition inadequate); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v.
8  Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be
9  circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner
10 to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83
11 (9th Cir. 1963).

12       In this case, Petitioner alleges that he is "statutorily barred from filing any postconviction
13 remedies with the original district court." (Doc. 1, p. 1).  Other than this self-serving and
14 conclusory statement, however, Petitioner provides no further information regarding how or why
15 he is "statutorily barred" from seeking relief in the form of a § 2255 motion in the U.S. District
16 Court for the Central District of California.  Petitioner has provided no basis upon which this
17 Court could conclude that § 2255 is inadequate and ineffective.  Petitioner has not alleged that he
18 has previously raised such motions with the Central District of California or that the Central
19 District has barred him from further filings.   And, in any event, the mere fact that the trial court
20 has previously denied a motion pursuant to § 2255 does not establish that it is either inadequate
21 or ineffective   Aronson, 85 S.Ct. at 5; Lorentsen, 223 F.3d at 953.  Hence, should Petitioner
22 wish to pursue this claim in federal court, he must do so by way of a motion to vacate, set aside,
23 or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

24 ///
25 ///

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Central District of California. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

3

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Judge. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 3, 2007**                              /s/ Theresa A. Goldner
                                                          UNITED STATES MAGISTRATE JUDGE

4