1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUTBERTO HARO RAMIREZ, )<br><br>Petitioner, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, et al., )<br><br>Respondents. ) | 1:07-cv-01490-AWI-TAG HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br>(Doc. 4)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 4, 2007, the Magistrate Judge assigned to the case filed a Findings and Recommendation recommending that the petition for writ of habeas corpus be DISMISSED because the Petition should have been filed as a motion for reconsideration in the trial court pursuant to 28 U.S.C. § 2255. (Doc. 4). The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within twenty days from the date of service of that order. On December 27, 2007, Petitioner filed objections to the Magistrate Judge's Findings and Recommendation. (Doc. 5).

28

1

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de*

2  *novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections,

3  the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the

4  record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate

5  Judge's analysis.   As explained in more detail by the Magistrate Judge, a federal prisoner authorized

6  to seek relief under 28 U.S.C. § 2255 may seek relief under 28 U.S.C. § 2241 ***only*** if he can show

7  section 2255 is "inadequate or ineffective to test the validity of his detention." United States v. Pirro,

8  104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).   This is a very narrow exception.  Ivy v.

9  Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003).   While the Ninth Circuit has provided little guidance

10  on what constitutes "inadequate and ineffective," it appears section 2255 provides an "inadequate or

11  ineffective" remedy, and thus that the petitioner may proceed under § 2241, if the petitioner is (1)

12  factually innocent of the crime for which he has been convicted; and, (2) has never had an

13  "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60;  Lorentsen v.

14  Hood, 223 F.3d 950, 954 (9th Cir.2000).

15    In this section 2241 petition, Petitioner contends that his sentence was illegally enhanced

16  pursuant to the federal sentencing guidelines.  In his objections, Petitioner argues that section 2255 is

17  ineffective to protect his rights because Apprendi v. New Jersey, 530 U.S. 466 (2000) and United

18  States v. Booker, 543 U.S. 220 (2005) were decided after Petitioner had filed his one petition

19  pursuant to section 2255.   This argument fails because Petitioner is not alleging he is actually

20  innocent.  See Lorentsen, 223 F.3d at 954.   Regardless, Petitioner is not entitled to the relief he

21  seeks.   Apprendi, Booker, and related cases cannot assist Petitioner because his conviction was final

22  before these cases were decided, and these cases may not be applied retroactive.  See  Schriro v.

23  Summerlin, 542 U.S. 348, 358 (2004) (holding that Ring v. Arizona, 536 U.S. 584 (2002) is

24  procedural and does not apply retroactively to convictions that are final); Harris v. United States, 536

25  U.S. 545, 581 (2002) (Thomas, J., dissenting) (stating that "[n]o Court of Appeals, let alone this

26  Court, has held that Apprendi has retroactive effect");  United States v. Cruz, 423 F.3d 1119 (9th

27  Cir.2005) (holding Booker is not retroactive); Schardt v. Payne, 414 F.3d 1025 (9th Cir.2005)

28

2

1    (finding <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) is not retroactive); <u>United States v.</u>

2    <u>Sanchez-Cervantes</u>, 282 F.3d 664, 665-66, 671 (9th Cir.2002) (holding <u>Apprendi</u> does not apply

3    retroactively to cases on collateral review).    Thus, even if this court were to find Petitioner's claims

4    could be addressed in a petition brought pursuant to section 2241, Petitioner would not be entitled to

5    the relief he seeks.

6            Accordingly, IT IS HEREBY ORDERED that:

7    1.      The Findings and Recommendation issued December 4, 2007 (Doc. 4), is ADOPTED

8            IN FULL;

9    2.      The petition for writ of habeas corpus (Doc. 1) is DISMISSED; and

10   3.      The Clerk of Court is DIRECTED to ENTER JUDGMENT for Respondent and close

11           the file.

12           This order terminates the action in its entirety.

13

14   IT IS SO ORDERED.

15   **Dated:    January 17, 2008**                        **/s/ Anthony W. Ishii**
16                                                      UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                                3